UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JACKSON LANDRETH CREEL, JR.,** | * | **CIVIL ACTION NO.:** |
| **McCOY EDWARD CREEL, III, PAIGE** | * | |
| **CREEL, AND JAMES D. HANKS** | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | |
| **JASON GERALD ARD, IN HIS** | * | **MAG. JUDGE:** |
| **CAPACITY AS SHERIFF OF** | * | |
| **LIVINGSTON PARISH, DEPUTY RYAN** | * | |
| **BERNARD, DEPUTY BRANDON** | * | |
| **BROWN, DEPUTY ADAM HOLDEN,** | * | |
| **DEPUTY KYLE HOTARD,** | * | |
| **LIEUTENANT LANCE LANDRY,** | * | |
| **DEPUTY JEREMY PATT, AND** | * | |
| **CAPTAIN ALDEN THOMASSON** | * | |

## NOTICE OF REMOVAL

Defendants, Jason Ard, in his capacity as Sheriff of Livingston Parish, State of Louisiana, Deputy Ryan Bernard, Deputy Brandon Brown, Deputy Kyle Hotard, Lieutenant Lance Landry, Deputy Jeremy Patt, and Captain Alden Thomasson, file this notice of removal on the following grounds:

1.

On August 6, 2014, a Petition for Damages was fax-filed on behalf of plaintiffs, Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Creel, in the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, styled "*Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Creel versus Jason Gerald Ard, in his capacity as Sheriff of Livingston Parish, Deputy Ryan Bernard, Deputy Brandon Brown, Deputy Adam Holden, Deputy Kyle Hotard, Lieutenant Lance Landry, Deputy Jeremy Patt, and Captain Alden Thomasson,*" bearing Docket Number 145,983, Division B. A physical copy of

1033036.1

the Petition for Damages was subsequently received by the 21st Judicial District Clerk of Court on August 8, 2014.

2.

On or about August 13, 2014, Sheriff Ard, Deputy Bernard, Deputy Brown, Deputy Hotard, Lieutenant Landry, Deputy Patt, and Captain Thomasson were served with the Petition for Damages. Adam Holden, though named as a defendant, has not yet been served with the petition.

3.

Attached hereto as Exhibit A, *in globo*, is a complete copy of all pleadings currently filed in the court record for the 21st Judicial District Court, including a copy of all process served on defendants.

4.

In their state court Petition for Damages, plaintiffs allege that on August 6, 2013, they were "lawfully ensconced within a dwelling" when Deputy Hotard and Lieutenant Landry traveled to the home for the purpose of effecting the arrest of Jackson Creel for two outstanding non-support warrants. Plaintiffs further allege that Deputy Hotard and Lieutenant Landry then surrounded the home, but were unable to "roust" Jackson Creel from the home; therefore, they contacted additional units to assist.

5.

Plaintiffs allege that Deputy Bernard, Deputy Brown, Deputy Thomasson, Deputy Holden, Deputy Patt, and Captain Thomasson then arrived at the home. Plaintiffs further allege that, despite plaintiff's assurances by Jackson Creel's father that no weapons were present in the

- 2 -

home, and the defective nature of the warrant, the deputies formulated a plan to use "extraordinary measures in forcibly extricating Plaintiff Jackson Creel, Jr. from the premises."

6.

The Petition for Damages alleges that Captain Thomasson and Lieutenant Landry gained access to the premises through the trim surrounding the air conditioning unit, and Lieutenant Landry tossed in two canisters of "'Clear Out' tear gas product" As a result, plaintiffs allege that Paige Creel and James Hanks then immediately exited the home, where they were arrested, thrown to the ground, forced to lie face-down, handcuffed, and ultimately placed into a decontamination area.

7.

Plaintiffs allege that a deputy then used a "breaching tool" on the residence door, and Deputy Patt deployed his canine into the home, which encountered McCoy Creel, and "literally started viciously biting Mr. Creel about the legs."

8.

The Petition alleges that Jackson Creel was brought outside of the home, thrown on the ground, handcuffed, and placed into a decontamination area.

9.

Plaintiffs allege that Paige Creel, James D. Hanks, and McCoy Edward Creel, III, were all cited with violating La. R.S. 14:108, Resisting an Officer, issued a misdemeanor citation, and released. Plaintiffs allege that Jackson Landreth Creel, Jr., was charged with violating La. R.S. 14:108, Resisting an Officer, La. R.S. 14:122, Public Intimidation, and the 2 underlying warrants, and was detained, arrested, transported to prison, and booked on these charges.

1033036.1

10.

The Petition for Damages alleges that the actions of the deputies "have every indicia of being undertaken and committed against Plaintiffs by and through intentionally malicious and objectively unreasonable acts of force which were 'clearly excessive to the need' and which caused 'a significant injury' under the standard enunciated in Johnson v. Morel, 876 F.2d 477 (5th Cir. 1989)."

11.

The Petition also alleges that the deputies committed an assault and battery upon them and illegally arrested and illegally abused / detained / imprisoned them.

12.

Paragraph 31 of the Petition for Damages specifically alleges that, at all times relevant, Deputy Bernard, Deputy Brown, Deputy Holden, Deputy Hotard, Lieutenant Landry, Deputy Patt, and Captain Thomasson were all "acting under the color of law." Additionally, paragraphs 1(B), 1(C), 1(D), 1(E), 1(F), 1(G), and 1(H), which name Deputy Bernard, Deputy Brown, Deputy Holden, Deputy Hotard, Lieutenant Landry, Deputy Patt, and Captain Thomasson as defendants, respectively, each allege that each defendant was "acting under the color and authority of the statutes, ordinances, regulations, policies, custom, usages, and laws of the State of Louisiana and/or Parish of Livingston . . ."

13.

Plaintiffs further allege that, at all times relevant, Deputy Bernard, Deputy Brown, Deputy Holden, Deputy Hotard, Lieutenant Landry, Deputy Patt, and Captain Thomasson were acting within the course and scope of their employment with the Livingston Parish Sheriff's Office. Moreover, with respect to Sheriff Ard, plaintiffs allege that the Sherif, in his capacity as

- 4 -

the elected Sheriff of Livingston Parish, should be held vicariously liable for the alleged torts committed by the Sheriff's officers / deputies.

14.

As a result of these allegations, plaintiffs allege that they are entitled to a monetary judgment against the defendants, and "all such other various and sundry relief which they may be entitled."

15.

Additionally, plaintiffs specifically pray for "damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, all costs of these proceedings, **all appropriate attorney fees**, and all such other equitable relief to which Plaintiffs may be entitled in these premises." (emphasis added).

16.

Paragraph 49 of Plaintiff's Petition for Damages states that, "to the extent discovery is conducted with reference to the present proceeding reveals liability upon one (1) or more individuals acting under the color of state law or otherwise subject to the provisions of 42 U.S.C. § 1983, Plaintiffs specifically reserve the right to amend the present Petition for Damages for the purpose of setting forth and establishing said claim(s)." This statement appears to be a thinly veiled attempt to deter removal of this action while simultaneously asserting claims under § 1983.

17.

Specifically, although plaintiffs state in Paragraph 49 that they reserve the right to amend the Petition for Damages to assert claims under 42 U.S.C. § 1983 if discovery "reveals liability upon one or more individuals acting under the color of state law," plaintiffs have affirmatively

- 5 -

pled in Paragraph 31 that defendants were "acting under color of law" and in Paragraphs 1(B), 1(C), 1(D), 1(E), 1(F), 1(G), 1(H), that the defendant deputies were acting under the color and authority of the statutes, ordinances, regulations, policies, custom, usages, and laws of the State of Louisiana and/or Parish of Livingston. Accordingly, plaintiffs have affirmatively pled that defendants were acting under the color of state law, despite their inconsistent statement in paragraph 49 of the Petition for Damages.

18.

Plaintiffs also specifically allege in Paragraph 29 that the actions of the deputies "have every indicia of being undertaken and committed against Plaintiffs by and through intentionally malicious and objectively unreasonable acts of force which were 'clearly excessive to the need' and which caused 'a significant injury' under the standard enunciated in Johnson v. Morel, 876 F.2d 477 (5th Cir. 1989)." The "standard enunciated in Johnson v. Morel" is set forth as follows:

A plaintiff can thus prevail on a Constitutional excessive force claim only by proving each of these three elements:

(1) a significant injury, which

(2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was

(3) objectively unreasonable.

Johnson v. Morel, 876 F.2d 477 (5th Cir. 1989). Thus, plaintiffs herein are clearly alleging a "Constitutional excessive force claim" by implication of the standard set forth in Johnson v. Morel.

19.

Finally, plaintiffs pray for "all appropriate attorney fees" in their Petition for Damages. Attorney's fees are not recoverable under Louisiana state law and would only be recoverable under 42 U.S.C. § 1983. *See Hall v. City of Alexandria,* 111 F.Supp.2d 785 (W.D. La. 2000).

20.

Defendants state that Plaintiffs have stated a claim arising under 42 U.S.C. § 1983 based on the allegations contained in their Petition for Damages, which include, but are not limited to, allegations that defendants were acting under the color of state law, that they committed acts supporting a Constitutional excessive force claim, and that they are entitled to attorney's fees. This Court has original jurisdiction over those claims pursuant to the provisions of 28 U.S.C. § 1331.

21.

Defendants further state that this Court has supplemental jurisdiction over all state law claims asserted by plaintiffs pursuant to the provisions of 28 U.S.C. § 1367(a) because those claims are so related to claims asserted under 42 U.S.C. § 1983, for which this court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

22.

Based on the foregoing, Defendants show that this matter is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441, *et seq*.

1033036.1

23.

Defendants show that this notice of removal was timely filed with this Court pursuant to the provisions of 28 U.S.C. § 1446, because it was removed within 30 days after the service of the Citation and Petition upon Defendants.

24.

The venue of this removal action is proper pursuant to the provisions of 28 U.S.C. § 1441(a), inasmuch as the United States District Court for the Middle District of Louisiana embraces Livingston Parish and the 21st Judicial District Court, which is the place where the state court action is pending.

25.

Notice of the filing of this removal is being given to the adverse parties, as required by law.

26.

A true copy of this notice of removal is being filed with the Clerk of Court for the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, as required by law.

27.

Defendants, Jason Gerald Ard, in his capacity as Sheriff of Livingston Parish, State of Louisiana, Deputy Ryan Bernard, Deputy Brandon Brown, Deputy Kyle Hotard, Lieutenant Lance Landry, Deputy Jeremy Patt, and Captain Alden Thomasson, hereby remove this case from the 21st Judicial District Court, Parish of Livingston, to the United States District Court for the Middle District of Louisiana for further disposition.

1033036.1

RESPECTFULLY SUBMITTED,

BREAZEALE, SACHSE & WILSON, L.L.P.
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Fax: 225-381-8029


/s/ Cullen J. Dupuy
Cullen J. Dupuy, T.A. (La. Bar Roll No. 22345)
Druit G. Gremillion, Jr. (La. Bar Roll No. 33867)
*Attorneys for Defendants*

1033036.1

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JACKSON LANDRETH CREEL, JR., | * | CIVIL ACTION NO.: |
| McCOY EDWARD CREEL, III, PAIGE | * | |
| CREEL, AND JAMES D. HANKS | * | |
| | * | JUDGE: |
| VERSUS | * | |
| | * | |
| JASON GERALD ARD, IN HIS | * | MAG. JUDGE: |
| CAPACITY AS SHERIFF OF | * | |
| LIVINGSTON PARISH, DEPUTY RYAN | * | |
| BERNARD, DEPUTY BRANDON | * | |
| BROWN, DEPUTY ADAM HOLDEN, | * | |
| DEPUTY KYLE HOTARD, | * | |
| LIEUTENANT LANCE LANDRY, | * | |
| DEPUTY JEREMY PATT, AND | * | |
| CAPTAIN ALDEN THOMASSON | * | |

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

      BEFORE ME, the undersigned authority, personally came and appeared

**Cullen J. Dupuy**

who, after being duly sworn did depose and say:

      That the allegations contained in the Notice of Removal filed herein are true and correct

to the best of his knowledge, information, and belief.

_____
Cullen J. Dupuy

      **SWORN TO AND SUBSCRIBED** before me, Notary Public, this **4th** day of

September, 2014, Baton Rouge, Louisiana.

_____
NOTARY PUBLIC

Notary Name Printed: _____ **DRUIT G. GREMILLION**
Notary ID No.: _____ Notary Public
My Commission Expires: _____ LA Bar Roll No. 33867
My Commission is for Life

1033036.1

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JACKSON LANDRETH CREEL, JR.,** | * | **CIVIL ACTION NO.:** |
| **McCOY EDWARD CREEL, III, PAIGE** | * | |
| **CREEL, AND JAMES D. HANKS** | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | |
| **JASON GERALD ARD, IN HIS** | * | **MAG. JUDGE:** |
| **CAPACITY AS SHERIFF OF** | * | |
| **LIVINGSTON PARISH, DEPUTY RYAN** | * | |
| **BERNARD, DEPUTY BRANDON** | * | |
| **BROWN, DEPUTY ADAM HOLDEN,** | * | |
| **DEPUTY KYLE HOTARD,** | * | |
| **LIEUTENANT LANCE LANDRY,** | * | |
| **DEPUTY JEREMY PATT, AND** | * | |
| **CAPTAIN ALDEN THOMASSON** | * | |

## PROOF OF SERVICE

Cullen J. Dupuy, being duly sworn, does depose and say that he is a member of the bar of the State of Louisiana, is admitted to practice before the United States District Court, Middle District of Louisiana, is a member of the firm of Breazeale, Sachse & Wilson, L.L.P., and is counsel for Defendants, Jason Ard, in his capacity as Sheriff of Livingston Parish, State of Louisiana, Deputy Ryan Bernard, Deputy Brandon Brown, Deputy Kyle Hotard, Lieutenant Lance Landry, Deputy Jeremy Patt, and Captain Alden Thomasson.

Affiant further states that, on the 4rd day of September, 2014, after the Notice of Removal has been filed with the above court, he is forwarding a copy of said Notice of Removal and attachments via facsimile and by depositing same in the U.S. Mail, postage prepaid and properly addressed to plaintiffs, Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Creel, through their counsel of record:

1033036.1

J. Christopher Alexander, Sr.                    S. Stephen Spring, II
J. CHRISTOPHER ALEXANDER, SR., LLC               SPRING & SPRING, LLC
3751 Government Street, Suite "A"                733 East Airport Avenue, Suite 104
Baton Rouge, LA  70806                           Baton Rouge, LA  70806

Affiant further states that, on the same day, immediately following the delivery of the aforesaid papers, he is having hand delivered a copy of the notice of removal to the Clerk of Court for the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, for filing in the matter entitled  "*Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Creel versus Jason Gerald Ard, in his capacity as Sheriff of Livingston Parish, Deputy Ryan Bernard, Deputy Brandon Brown, Deputy Adam Holden, Deputy Kyle Hotard, Lieutenant Lance Landry, Deputy Jeremy Patt, and Captain Alden Thomasson,*" bearing Docket Number 145,983, Division B.

_____
Cullen J. Dupuy

**SWORN  TO  AND  SUBSCRIBED** before me, Notary Public, this 4th day of September, 2014, Baton Rouge, Louisiana.

_____
NOTARY PUBLIC

Notary Name Printed: _____ **DRUIT G. GREMILLION**
                                  Notary Public
Notary ID No.: _____ LA Bar Roll No. 33867
My Commission Expires: _____ My Commission is for Life

1033036.1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JACKSON LANDRETH CREEL, JR.,** | * | **CIVIL ACTION NO.:** |
| **McCOY EDWARD CREEL, III, PAIGE** | * | |
| **CREEL, AND JAMES D. HANKS** | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | |
| **JASON GERALD ARD, IN HIS** | * | **MAG. JUDGE:** |
| **CAPACITY AS SHERIFF OF** | * | |
| **LIVINGSTON PARISH, DEPUTY RYAN** | * | |
| **BERNARD, DEPUTY BRANDON** | * | |
| **BROWN, DEPUTY ADAM HOLDEN,** | * | |
| **DEPUTY KYLE HOTARD,** | * | |
| **LIEUTENANT LANCE LANDRY,** | * | |
| **DEPUTY JEREMY PATT, AND** | * | |
| **CAPTAIN ALDEN THOMASSON** | * | |

## NOTICE TO ADVERSE PARTY

To:     Plaintiffs, Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and
James D. Creel, through their counsel of record:

J. Christopher Alexander, Sr.
J. CHRISTOPHER ALEXANDER, SR., LLC
3751 Government Street, Suite "A"
Baton Rouge, LA  70806

S. Stephen Spring, II
SPRING & SPRING, LLC
733 East Airport Avenue, Suite 104
Baton Rouge, LA  70806

**YOU ARE HEREBY NOTIFIED** that the Defendants, Jason Ard, in his capacity as

Sheriff of Livingston Parish, State of Louisiana, Deputy Ryan Bernard, Deputy Brandon Brown,

Deputy Kyle Hotard, Lieutenant Lance Landry, Deputy Jeremy Patt, and Captain Alden

Thomasson, have filed the attached Notice of Removal, along with other attached documents,

with the Clerk of Court for the United States District Court, Middle District of Louisiana, and a

copy of said Notice of Removal has also been filed with the Clerk of Court for the 21st Judicial

District Court, Parish of Livingston, State of Louisiana.

1033036.1

RESPECTFULLY SUBMITTED,

BREAZEALE, SACHSE & WILSON, L.L.P.
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Fax: 225-381-8029


/s/ Cullen J. Dupuy
_____
Cullen J. Dupuy, T.A. (La. Bar Roll No. 22345)
Druit G. Gremillion, Jr. (La. Bar Roll No. 33867)
*Attorneys for Defendants*