# Livingston Parish Clerk of Court

THOMAS L. SULLIVAN, JR.
Clerk of Court

P.O. Box 1150
Livingston, Louisiana 70754
(225) 686-2216/2217

### CIVIL FAX FILING CONFIRMATION
### FAX #: (225) 686-1867

DATE: _8·6·14_

_Jackson Creel, Jr., et al_

VS. NO. _145983_ DIV. _B_

_Jason Ard, et al_

TO: _S. Stephen Spring_ FAX: _413-451-8923_

ITEMS RECEIVED: _Fax Cover Sheet, Cover Letter + Petition_

---

AMOUNT DUE (includes fax filing fee $15.00 for first page and $1.00 each add'l pg): _$1,061_ -Clerk

_____ -Sheriff

_____ -Secretary of State

The Clerk of Court's office has received, by facsimile transmission, documents in the above referenced case. It has been filed as of this date. In accordance with R.S. 13:81(B), the original and applicable fees should be forwarded to this office within seven (7) days.

In accordance with 13:850(B)(3), a transmission fee of $15.00 is included with the total fees that should be forwarded to the Clerk of Court with the original documents. The fax filing fee is necessary even if filing in forma pauperis.

**NO FURTHER ACTION WILL BE TAKEN WITH THIS DOCUMENT UNTIL THE ORIGINAL AND NECESSARY FILING FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX. ISSUANCE BY ORIGINAL REQUEST ONLY!**

PLEASE ATTACH THIS RECEIPT TO YOUR ORIGINAL. IF FILING IN PERSON, NOTIFY CLERK OF PREVIOUS FAX.

DEPUTY CLERK OF COURT FOR
THOMAS L. SULLIVAN, JR. CLERK OF COURT

EXHIBIT
A
in globo

CIVIL 2014

145983 - B

## FAX COVER SHEET

| TO | Clerk of Court |
|---|---|
| COMPANY | Livingston Parish |
| FAX NUMBER | 12256861867 |
| FROM | S. Stephen Spring, II |
| DATE | 2014-08-06 18:14:03 GMT |
| RE | Fax File Original Petition |

### COVER MESSAGE

See attached



FILED
CLERK OF COURT
PARISH OF LIVINGSTON
2014 AUG -6 PM 1:37
DEPUTY CLERK

# Spring & Spring, LLC
## Attorneys at Law
*"Making the Law Work For You All Over the World"*



Stanley A. Spring, Esq. - Florida Bar
S. Stephen Spring, II, Esq. - Louisiana Bar
733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806

Telephone: 225-932-9671
Facsimile:   413-451-8923
Email: springlaw@gmail.com
Web: www.springlaw.net

John S. Penton, Jr., Esq. - Florida Bar *
David Mahdavi, Esq. - Virginia. Bar *
Julie S. Page, Esq. - California Bar *
* Of Counsel Member

Wash. D.C.:  202-465-4696
Miami, FL: 305-677-3847
London: 44-208-181-6545
U.K. Fax:  44-208-181-6545

Spring & Spring LLC
Communications House
Mayfair
London
W1U 6PZ

### FACSIMILE TRANSMISSION COVER SHEET

DATE:          6 August 2014

TO:            Clerk of Court

FROM:          S. Stephen Spring, II

RE:            Creel, et al v Ard, et al New FILING

FAX:           225-686-1867

NUMBER:
OF PAGES:      ( - 12  - )* This includes cover sheet

               Hard Copy: [   ]WILL;  [   ] WILL NOT Follow
Fax filing. Please fax back an amount

### WARNING

The following contents are confidential and protected by law intended solely for the recipient indicated above. All information is protected under attorney/client privilege and attorney work product. If you have received this in error, do not proceed further. Please telephone the above number and we will be happy to pay any long distance charges if applicable.

Thank you.
Spring & Spring, LLC
Attorneys At Law
Baton Rouge, Louisiana USA
Tel: 225.932.9671

1



# Spring & Spring, LLC
## Attorneys at Law
*"Making the Law Work For You All Over the World"*

Stanley A. Spring, Esq. - Florida Bar
John S. Penton, Jr., Esq. - Florida Bar *
David Mahdavi, Esq. - Virginia. Bar *
Julie S. Page, Esq. - California Bar *
* Of Counsel Member

733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806
Email: springlaw@gmail.com
Website: www.stephenspring.org

S. Stephen Spring, II, Esq. - Louisiana Bar
Stanley A. Spring, II, Paralegal

Baton Rouge:  225-932-9671
Wash. D.C.:  202-465-4696
Miami, FL:  305-677-3847
Facsimile:  413-451-8923
London:  44-20-3286-5234
U.K. Fax:  44-870-132-4608



6 August 2014
(Transmitted Via Facsimile: 225.686.1867)

Honorable Clerk of Court
21ˢᵗ Judicial District Court
Post Office Box 1150
Livingston, Louisiana 70754
225.686.2216 (voice)
225.686.1867(fax)

     Re:    Creel, et al v. Ard, et al
             Case No. Original Fax File Petition for Damages
             Parish of Livingston, State of Louisiana

Dear Clerk:

Please find following an original Petition for Damages which is being sent via facsimile transmission of this filing in accordance with La. R.S. 13:850(A) which provides: "Any paper in a civil action may be filed with the court by facsimile transmission." In accordance with said statute I would request you fax "a receipt of transmission" to my law offices at 413-451-8923. I will have the original signed document sent to you within five (5) days. If you should have any questions about this matter, please feel free to call our Baton Rouge offices at 225-932-9671.

Thank you for your consideration.

Sincerely yours,

Spring & Spring, LLC
Attorneys at Law

*/s/ S. Stephen Spring, II*

S. Stephen Spring, II
Attorney at Law

SSS:tbh

JACKSON LANDRETH CREEL, JR., MCCOY
EDWARD CREEL, III, PAIGE CREEL, AND
JAMES D. HANKS,
    *Plaintiffs,*

*v.*

JASON GERALD ARD, IN HIS CAPACITY AS
SHERIFF OF LIVINGSTON PARISH, DEPUTY
RYAN BERNARD, DEPUTY BRANDON BROWN,
DEPUTY ADAM HOLDEN, DEPUTY KYLE
HOTARD, LIEUTENANT LANCE LANDRY,
DEPUTY JEREMY PATT, AND CAPTAIN ALDEN
THOMASSON,
    *Defendants.*

DOCKET NO.: "      " DIV. " "
TWENTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF LIVINGSTON
STATE OF LOUISIANA



## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come the Plaintiffs herein, Jackson

Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Hanks, all

competent adults of the full age of majority and consent, residing, living, and domiciled in the

State of Louisiana, who file this Petition for Damages and who, with respect to same, do hereby

allege, aver, depose, attest, state, and claim as follows:

1.    Made defendants herein are:

    A.    **Jason Gerald Ard**, in his capacity as the elected Sheriff of Livingston Parish,
alleged upon information and belief to be a municipal corporation and the public
employer for members of the Livingston Parish Sheriff's Office, and, as the duly-
elected Sheriff in and for the Parish of Livingston, being the party held
vicariously liable for torts committed by the Sheriff's officers / deputies,
including those officers made party Defendant herein [*See*, Nall v. Parish of
Iberville, 542 So.2d 145, 149 (La.App. 1 Cir. 1989), *citing* La. R.S. 42:1441.3, *et
seq.*], with the said defendant being named, sued, and properly issued service of
process herein at his place of employment: Livingston Parish Sheriff's Office,
20180 Iowa Street, Livingston, Louisiana 70754;

    B.    **Deputy Ryan Bernard**, alleged upon information and belief to be a competent
adult of the full age of majority and consent and further alleged at all times herein
relevant to be a duly appointed and acting deputy with the Livingston Parish
Sheriff's Office, in and for the Parish of Livingston, State of Louisiana, acting
under the color and authority of the statutes, ordinances, regulations, policies,
customs, usages, and laws of the State of Louisiana and/or the Parish of
Livingston, with the said defendant being named, sued, and properly issued
service of process herein at his place of employment: Livingston Parish Sheriff's
Office, 20180 Iowa Street, Livingston, Louisiana 70754;

    C.    **Deputy Brandon Brown**, alleged upon information and belief to be a competent
adult of the full age of majority and consent and further alleged at all times herein
relevant to be a duly appointed and acting deputy with the Livingston Parish
Sheriff's Office, in and for the Parish of Livingston, State of Louisiana, acting
under the color and authority of the statutes, ordinances, regulations, policies,
customs, usages, and laws of the State of Louisiana and/or the Parish of
Livingston, with the said defendant being named, sued, and properly issued
service of process herein at his place of employment: Livingston Parish Sheriff's
Office, 20180 Iowa Street, Livingston, Louisiana 70754;

D.   **Deputy Adam Holden**, alleged upon information and belief to be a competent adult of the full age of majority and consent and further alleged at all times herein relevant to be a duly appointed and acting deputy with the Livingston Parish Sheriff's Office, in and for the Parish of Livingston, State of Louisiana, acting under the color and authority of the statutes, ordinances, regulations, policies, customs, usages, and laws of the State of Louisiana and/or the Parish of Livingston, with the said defendant being named, sued, and properly issued service of process herein at his place of employment: Livingston Parish Sheriff's Office, 20180 Iowa Street, Livingston, Louisiana 70754;

E.   **Deputy Kyle Hotard**, alleged upon information and belief to be a competent adult of the full age of majority and consent and further alleged at all times herein relevant to be a duly appointed and acting deputy with the Livingston Parish Sheriff's Office, in and for the Parish of Livingston, State of Louisiana, acting under the color and authority of the statutes, ordinances, regulations, policies, customs, usages, and laws of the State of Louisiana and/or the Parish of Livingston, with the said defendant being named, sued, and properly issued service of process herein at his place of employment: Livingston Parish Sheriff's Office, 20180 Iowa Street, Livingston, Louisiana 70754;

F.   **Lieutenant Lance Landry**, alleged upon information and belief to be a competent adult of the full age of majority and consent and further alleged at all times herein relevant to be a duly appointed and acting lieutenant with the Livingston Parish Sheriff's Office, in and for the Parish of Livingston, State of Louisiana, acting under the color and authority of the statutes, ordinances, regulations, policies, customs, usages, and laws of the State of Louisiana and/or the Parish of Livingston, with the said defendant being named, sued, and properly issued service of process herein at his place of employment: Livingston Parish Sheriff's Office, 20180 Iowa Street, Livingston, Louisiana 70754;

G.   **Deputy Jeremy Patt**, alleged upon information and belief to be a competent adult of the full age of majority and consent and further alleged at all times herein relevant to be a duly appointed and acting deputy with the Livingston Parish Sheriff's Office, in and for the Parish of Livingston, State of Louisiana, acting under the color and authority of the statutes, ordinances, regulations, policies, customs, usages, and laws of the State of Louisiana and/or the Parish of Livingston, with the said defendant being named, sued, and properly issued service of process herein at his place of employment: Livingston Parish Sheriff's Office, 20180 Iowa Street, Livingston, Louisiana 70754; and,

H.   **Captain Alden Thomasson**, alleged upon information and belief to be a competent adult of the full age of majority and consent and further alleged at all times herein relevant to be a duly appointed and acting captain with the Livingston Parish Sheriff's Office, in and for the Parish of Livingston, State of Louisiana, acting under the color and authority of the statutes, ordinances, regulations, policies, customs, usages, and laws of the State of Louisiana and/or the Parish of Livingston, with the said defendant being named, sued, and properly issued service of process herein at his place of employment: Livingston Parish Sheriff's Office, 20180 Iowa Street, Livingston, Louisiana 70754.

2.    On or about August 6, 2013, at or near 11:44 PM CST, Plaintiffs Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Hanks were lawfully ensconced within a dwelling located at 12091 Cardinal Drive, Walker, Louisiana 70785, a physical location which is within the Parish of Livingston, State of Louisiana.

3.    While Plaintiffs remained lawfully ensconced within the said premises, Defendants Deputy Kyle Hotard (hereinafter sometimes "Hotard") and Lieutenant Lance Landry (hereinafter

sometimes "Landry") did travel to the home for the alleged purpose of effecting the arrest of Mr.

Jackson Landreth Creel, Jr. "for two outstanding Non Support Warrants."

4.      In truth, the warrants forming the alleged basis for Hotard and Landry to effect Mr.

Creel's arrest were ineffective, null, void *ab initio*, and generally defective as relating to an

outstanding balance for court costs which had been satisfied *prior* to these deputies' late night

inquest.

5.      Hotard and Landry surrounded the home, and when they were unable to roust Mr. Creel

from the home, they called for additional units to assist in this late-night effort to serve two (2)

materially-defective court cost warrants.

6.      A fully-armed SWAT team, a K-9 unit, and at least four (4) squad cars all responded to

the Hotard / Landry call for assistance.

7.      The responding deputies included Defendants Deputy Ryan Bernard (hereinafter

sometimes "Bernard"), Deputy Brandon Brown (hereinafter sometimes "Brown"), Deputy Adam

Holden (hereinafter sometimes "Holden"), Deputy Jeremy Patt (hereinafter sometimes "Patt"),

and Captain Alden Thomasson (hereinafter sometimes "Thomasson").

8.      After Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson were all present

and surrounding the home, Defendant Holden was sent to the adjacent home to speak with Mr.

Jackson Landreth Creel, Jr.'s father.

9.      Mr. Creel's father explicitly advised Holden that there were no guns or other weapons

present in his son's home, there was no imminent danger, and there was assuredly no need for

the LPSO's massive, late-night show of force.

10.     Despite the senior Creel's assurances and despite the deputies' warrants being *per se*

defective, Defendant Thomasson formulated a plan to use extraordinary measures in forcibly

extricating Plaintiff Jackson Landreth Creel, Jr. from the premises.

11.     Defendants Thomasson and Landry gained access to the premises through the trim

surrounding a window air conditioning unit, and Landry tossed in two (2) canisters of "Clear

Out" tear gas product.

12.     Plaintiffs Paige Creel and James D. Hanks both immediately exited the home where they

were arrested, thrown to the ground, forced to lie face-down, handcuffed, and ultimately placed

into a decontamination area.

13.     Next, one of the Defendant deputies launched a "breaching tool" towards the home's

door, striking the door and opening it for Deputy Patt's canine, "K-9 Mack," to enter.

14.     Patt thereafter deployed his canine into the home, but Patt himself initially remained outside shouting commands through the doorway which had been battered open.

15.     The canine encountered Plaintiff McCoy Edward Creel, III, and, due to Patt's continued commands, the dog quite literally started viciously biting Mr. Creel about the legs.

16.     By the time Patt entered the home and gave the "release" command, "K-9 Mack" had shredded Mr. Creel's legs, causing physical injuries which required Mr. Creel's lengthy hospitalization and painful symptomology which presently persists.

17.     Plaintiff Jackson Landreth Creel, Jr. was taken from the home, brought outside, thrown to the ground, handcuffed, and placed into a decontamination area.

18.     Ultimately, Plaintiffs Paige Creel, James D. Hanks, and McCoy Edward Creel, III were all cited with violating La. R.S. 14:108, Resisting an Officer, issued misdemeanor citations, and released.

19.     Plaintiff Jackson Landreth Creel, Jr. was charged with violating La. R.S. 14:108, Resisting an Officer, La. R.S. 14:122, Public Intimidation, as well as the two (2) underlying (defective) warrants, and he was detained, arrested, transported to prison, and booked on these charges.

20.     These various charges against *all* of the party Plaintiffs were summarily and completely dismissed by the State of Louisiana by and through the Office of the District Attorney.

21.     At no time did any of the party Plaintiffs physically resist or assault Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and/or Thomasson, and the force used against Plaintiffs was unnecessary, excessive, and reprehensible.

22.     At no time during the events described above were the Plaintiffs intoxicated, incapacitated, a threat to the safety of themselves or others, or disorderly.

23.     None of the party Plaintiffs committed any criminal offense(s) worthy of arrest and abuse.

24.     More pointedly, none of the party Plaintiffs committed any criminal offense(s) whatsoever, and the actions of Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and/or Thomasson were wholly unprovoked, without basis or justification, and a gross and excessive abuse of these deputies' authority.

25.     In truth, the sole justification for Defendants Hotard and Landry making their late-night

visit to Plaintiffs' home—two (2) warrants relating to an outstanding balance for court costs—had been fully satisfied *prior* to these deputies' inquest.

26.     None of the Defendant deputies had a warrant for the arrest of any party Plaintiff.

27.     None of the Defendant deputies had probable cause to effect the arrest of any party Plaintiff.

28.     None of the Defendant deputies had legal cause or excuse to seize the person of any party Plaintiff.

29.     In short, the abuses committed by Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson have every compelling indicia of being undertaken and committed against Plaintiffs by and through intentionally malicious and objectively unreasonable acts of force which were "clearly excessive to the need" and which caused "a significant injury" under the standard enunciated in Johnson v. Morel, 876 F.2d 477 (5th Cir. 1989).

30.     At all times herein relevant, Plaintiffs Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Hanks were legal citizens and residents of the United States of America and competent adults of the full age of majority and consent, domiciled, living, and residing in the Parish of Livingston, State of Louisiana.

31.     Deputy Ryan Bernard, Deputy Brandon Brown, Deputy Adam Holden, Deputy Kyle Hotard, Lieutenant Lance Landry, Deputy Jeremy Patt, and Captain Alden Thomasson were, at all times herein relevant, each duly appointed and acting deputies of the Livingston Parish Sheriff's Office, acting under color of law, to wit, under color of authority of the statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and/or the Parish of Livingston.

32.     The actions of Defendants Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson were supported, authorized, approved, and/or otherwise generally ratified by their respective superior officers, particularly including Jason Gerald Ard, in his capacity as the elected Sheriff of Livingston Parish.

33.     Jason Gerald Ard, in his capacity as the elected Sheriff of Livingston Parish, is deemed the "employer" of members of the Livingston Parish Sheriff's Office, and, as such, the Sheriff should be the party held vicariously liable for torts committed by the Sheriff's officers / deputies, including those officers made party Defendant herein. See, *e.g.*, Nall v. Parish of Iberville, 542 So.2d 145, 149 (La.App. 1 Cir. 1989), citing La. R.S. 42:1441.3, *et seq.*

34.     At all times herein relevant, Defendants Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson were acting within the course and scope of their employment with the Livingston Parish Sheriff's Office.

35.     As a direct and proximate result of the said acts of Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson, the Plaintiffs, Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Hanks, suffered the following injuries and damages:

   A.     False arrest;

   B.     Malicious prosecution;

   C.     Loss of physical liberty;

   D.     Past, present and future medical, hospital, doctor, and related expenses;

   E.     Past, present and future physical pain and suffering;

   F.     Past, present and future mental anguish and anxiety;

   G.     Past, present and future lost wages and diminished earning capacity;

   H.     Past, present, and future emotional distress;

   I.     Past, present, and future loss of enjoyment of life;

   J.     Residual physical disability; and,

   K.     Such other damages which were caused by the aforesaid incident and which were sustained by the plaintiffs.

36.     Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson of the Livingston Parish Sheriff's Office committed an assault and battery upon Plaintiffs Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Hanks.

37.     Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson of the Livingston Parish Sheriff's Office illegally arrested and illegally abused / detained / imprisoned Plaintiffs Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Hanks.

38.     As a result of this false arrest and illegal abuse / detainment / imprisonment, Plaintiffs Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Hanks suffered damages as aforesaid.

39.     Defendants Deputy Ryan Bernard, Deputy Brandon Brown, Deputy Adam Holden, Deputy Kyle Hotard, Lieutenant Lance Landry, Deputy Jeremy Patt, Captain Alden Thomasson, and Jason Gerald Ard, in his capacity as the elected Sheriff of Livingston Parish failed to

exercise due care and failed to properly analyze the facts clearly known to them and, by doing so, they violated Plaintiffs' rights under Louisiana law, where Plaintiffs were wrongfully detained, illegally arrested, falsely imprisoned, and Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson engaged in an intentional abuse of legal process, made, done, and effected without justification and for no proper purpose.

40.     The actions of Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson (whether independently or in concert with one another) resulted in Plaintiffs being falsely arrested: "To establish a false arrest claim, the plaintiff must prove that the arrest was unlawful and that the unlawful arrest resulted in injury." Saucier v. Players Lake Charles, L.L.C., 99-1196 (La.App. 3 Cir. 12/22/99), 751 So.2d 312, 316.

41.     The actions of Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson (whether independently or in concert with one another) resulted in Plaintiffs being falsely imprisoned: "False imprisonment is the unlawful and total restraint of the liberty of the person." Crossett v. Campbell, 122 La. 659, 48 So. 141 (1908), cited as "the leading case" by Stone - Louisiana Civil Law Treatise, Vol. 12, La. Tort Doctrine, Sec. 203, at p. 267 (1977).

42.     Plaintiffs specifically allege the actions and conduct of Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson (whether independently or in concert with one another) relative to the conduct made subject of this Petition for Damages arose to the level of intentional infliction of emotional distress under Louisiana law, where the said conduct was extreme and outrageous, it caused Plaintiffs severe emotional distress, and it was done with a specific intent to cause severe emotional distress. See, e.g., White v. Monsanto Co., 585 So.2d 1205, 1209 (La. 1991).

43.     As a direct and proximate consequence of the outrageous and unconscionable acts and omissions on the part of the Defendants as described above, the Defendant deputies intentionally inflicted emotional distress upon the Plaintiffs.

44.     Thus, the Plaintiffs are entitled to a monetary judgment against the Defendants, both jointly and severally.

45.     Plaintiffs are entitled to and do hereby seek an award of all such other various and sundry relief to which they may be entitled in these premises.

46.     Plaintiffs aver they have raised claims which, inter alia, subtend allegations of wrongful detention, illegal arrest, false imprisonment, assault, and battery.

47.     Plaintiffs would respectfully show that the one (1) year prescriptive period for a claim of false imprisonment runs from the date of release from detention unless interrupted or suspended. Restrepo v. Fortunato, 556 So.2d 1362, 1363 (La. App. 5th Cir. 1990).

48.     Where the actions of the Defendants coalesced to caused the Plaintiffs to be detained, arrested, and abused late in the evening of August 6, 2013, the present lawsuit, filed within one (1) year of that date, is *per se* timely for all material purposes.

49.     Plaintiffs show that to the extent discovery conducted with reference to the present proceeding reveals liability upon one (1) or more individuals acting under color of state law or otherwise subject to the provisions of 42 U.S.C. 1983, Plaintiffs specifically reserve the right to amend the present Petition for Damages for the purpose of setting forth and establishing the said claim(s).

WHEREFORE, Plaintiffs Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Hanks pray that the Defendants be served with this petition, and after being duly cited to appear and answer same and the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiffd, and against Defendants, Jason Gerald Ard, in his capacity as the elected Sheriff of Livingston Parish, Deputy Ryan Bernard, Deputy Brandon Brown, Deputy Adam Holden, Deputy Kyle Hotard, Lieutenant Lance Landry, Deputy Jeremy Patt, and Captain Alden Thomasson, jointly and in solido, for such damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, all costs of these proceedings, all appropriate attorney fees, and all such other equitable and just relief to which Plaintiffs may be entitled in these premises.

Respectfully Submitted,

J. CHRISTOPHER ALEXANDER, SR., ESQ., LLC
Attorney and Counselor at Law

SPRING & SPRING, LLC
Attorneys at Law

J. Christopher Alexander, Sr., Esq.
Louisiana Bar Roll No.: 26,591
3751 Government Street, Suite "A"
Baton Rouge, Louisiana 70806
225-761-9456 (telephone)
225-761-7899 (facsimile)
chris@jcalaw.us
Co-Counsel for Plaintiffs

S. Stephen Spring, II, Esq.
Louisiana Bar Roll Number: 12347
733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806
225.932.9671 (telephone)
413.451.8923 (facsimile)
springlaw@gmail.com
Co-Counsel for Plaintiffs

SERVICE INSTRUCTIONS ON NEXT PAGE:

PLEASE SERVE:

1. **Jason Gerald Ard**
   *Through His Place of Employment:*
   Livingston Parish Sheriff's Office
   20180 Iowa Street
   Livingston, Louisiana 70754

2. **Deputy Ryan Bernard**
   *Through His Place of Employment:*
   Livingston Parish Sheriff's Office
   20180 Iowa Street
   Livingston, Louisiana 70754

3. **Deputy Brandon Brown**
   *Through His Place of Employment:*
   Livingston Parish Sheriff's Office
   20180 Iowa Street
   Livingston, Louisiana 70754

4. **Deputy Adam Holden**
   *Through His Place of Employment:*
   Livingston Parish Sheriff's Office
   20180 Iowa Street
   Livingston, Louisiana 70754

5. **Deputy Kyle Hotard**
   *Through His Place of Employment:*
   Livingston Parish Sheriff's Office
   20180 Iowa Street
   Livingston, Louisiana 70754

6. **Lieutenant Lance Landry**
   *Through His Place of Employment:*
   Livingston Parish Sheriff's Office
   20180 Iowa Street
   Livingston, Louisiana 70754

7. **Deputy Jeremy Patt**
   *Through His Place of Employment:*
   Livingston Parish Sheriff's Office
   20180 Iowa Street
   Livingston, Louisiana 70754

8. **Captain Alden Thomasson**
   *Through His Place of Employment:*
   Livingston Parish Sheriff's Office
   20180 Iowa Street
   Livingston, Louisiana 70754

08/06/2014 13:31 FAX  2256861867          LIV PAR CLERK OF COURT                    ☑001

```
                         *********************
                         ***  RX REPORT  ***
                         *********************


        RECEPTION OK

        TX/RX NO            8343
        RECIPIENT ADDRESS
        DESTINATION ID
        ST. TIME            08/06 13:15
        TIME USE            15'36
        PGS.                 13
        RESULT              OK
```





JACKSON LANDRETH CREEL, JR., McCOY
EDWARD CREEL, III, PAIGE CREEL, AND
JAMES D. HANKS,
    *Plaintiffs,*

v.

JASON GERALD ARD, IN HIS CAPACITY AS
SHERIFF OF LIVINGSTON PARISH, DEPUTY
RYAN BERNARD, DEPUTY BRANDON BROWN,
DEPUTY ADAM HOLDEN, DEPUTY KYLE
HOTARD, LIEUTENANT LANCE LANDRY,
DEPUTY JEREMY PATT, AND CAPTAIN ALDEN
THOMASSON,
    *Defendants.*

DOCKET NO.: "    "DIV."  "
TWENTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF LIVINGSTON
STATE OF LOUISIANA

#145,983 B

FILED
2014 AUG -8 AM 11:06
CLERK OF COURT
PARISH OF LIVINGSTON
DEPUTY CLERK

CIVIL
2014

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come the Plaintiffs herein, **Jackson Landreth Creel, Jr.**, **McCoy Edward Creel, III**, **Paige Creel**, and **James D. Hanks**, all competent adults of the full age of majority and consent, residing, living, and domiciled in the State of Louisiana, who file this Petition for Damages and who, with respect to same, do hereby allege, aver, depose, attest, state, and claim as follows:

1.    Made defendants herein are:

    A.    **Jason Gerald Ard**, in his capacity as the elected Sheriff of Livingston Parish, alleged upon information and belief to be a municipal corporation and the public employer for members of the Livingston Parish Sheriff's Office, and, as the duly-elected Sheriff in and for the Parish of Livingston, being the party held vicariously liable for torts committed by the Sheriff's officers / deputies, including those officers made party Defendant herein [*See*, Nall v. Parish of Iberville, 542 So.2d 145, 149 (La.App. 1 Cir. 1989), *citing* La. R.S. 42:1441.3, *et seq.*], with the said defendant being named, sued, and properly issued service of process herein at his place of employment: Livingston Parish Sheriff's Office, 20180 Iowa Street, Livingston, Louisiana 70754;

    B.    **Deputy Ryan Bernard**, alleged upon information and belief to be a competent adult of the full age of majority and consent and further alleged at all times herein relevant to be a duly appointed and acting deputy with the Livingston Parish Sheriff's Office, in and for the Parish of Livingston, State of Louisiana, acting under the color and authority of the statutes, ordinances, regulations, policies, customs, usages, and laws of the State of Louisiana and/or the Parish of Livingston, with the said defendant being named, sued, and properly issued service of process herein at his place of employment: Livingston Parish Sheriff's Office, 20180 Iowa Street, Livingston, Louisiana 70754;

    C.    **Deputy Brandon Brown**, alleged upon information and belief to be a competent adult of the full age of majority and consent and further alleged at all times herein relevant to be a duly appointed and acting deputy with the Livingston Parish Sheriff's Office, in and for the Parish of Livingston, State of Louisiana, acting under the color and authority of the statutes, ordinances, regulations, policies, customs, usages, and laws of the State of Louisiana and/or the Parish of Livingston, with the said defendant being named, sued, and properly issued service of process herein at his place of employment: Livingston Parish Sheriff's Office, 20180 Iowa Street, Livingston, Louisiana 70754;

FAXED
LIVINGSTON PARISH
CLERK OF COURT
DATE 8-6-2014

D.     **Deputy Adam Holden,** alleged upon information and belief to be a competent adult of the full age of majority and consent and further alleged at all times herein relevant to be a duly appointed and acting deputy with the Livingston Parish Sheriff's Office, in and for the Parish of Livingston, State of Louisiana, acting under the color and authority of the statutes, ordinances, regulations, policies, customs, usages, and laws of the State of Louisiana and/or the Parish of Livingston, with the said defendant being named, sued, and properly issued service of process herein at his place of employment: Livingston Parish Sheriff's Office, 20180 Iowa Street, Livingston, Louisiana 70754;

E.     **Deputy Kyle Hotard,** alleged upon information and belief to be a competent adult of the full age of majority and consent and further alleged at all times herein relevant to be a duly appointed and acting deputy with the Livingston Parish Sheriff's Office, in and for the Parish of Livingston, State of Louisiana, acting under the color and authority of the statutes, ordinances, regulations, policies, customs, usages, and laws of the State of Louisiana and/or the Parish of Livingston, with the said defendant being named, sued, and properly issued service of process herein at his place of employment: Livingston Parish Sheriff's Office, 20180 Iowa Street, Livingston, Louisiana 70754;

F.     **Lieutenant Lance Landry,** alleged upon information and belief to be a competent adult of the full age of majority and consent and further alleged at all times herein relevant to be a duly appointed and acting lieutenant with the Livingston Parish Sheriff's Office, in and for the Parish of Livingston, State of Louisiana, acting under the color and authority of the statutes, ordinances, regulations, policies, customs, usages, and laws of the State of Louisiana and/or the Parish of Livingston, with the said defendant being named, sued, and properly issued service of process herein at his place of employment: Livingston Parish Sheriff's Office, 20180 Iowa Street, Livingston, Louisiana 70754;

G.     **Deputy Jeremy Patt,** alleged upon information and belief to be a competent adult of the full age of majority and consent and further alleged at all times herein relevant to be a duly appointed and acting deputy with the Livingston Parish Sheriff's Office, in and for the Parish of Livingston, State of Louisiana, acting under the color and authority of the statutes, ordinances, regulations, policies, customs, usages, and laws of the State of Louisiana and/or the Parish of Livingston, with the said defendant being named, sued, and properly issued service of process herein at his place of employment: Livingston Parish Sheriff's Office, 20180 Iowa Street, Livingston, Louisiana 70754; and,

H.     **Captain Alden Thomasson,** alleged upon information and belief to be a competent adult of the full age of majority and consent and further alleged at all times herein relevant to be a duly appointed and acting captain with the Livingston Parish Sheriff's Office, in and for the Parish of Livingston, State of Louisiana, acting under the color and authority of the statutes, ordinances, regulations, policies, customs, usages, and laws of the State of Louisiana and/or the Parish of Livingston, with the said defendant being named, sued, and properly issued service of process herein at his place of employment: Livingston Parish Sheriff's Office, 20180 Iowa Street, Livingston, Louisiana 70754.

2.     On or about August 6, 2013, at or near 11:44 PM CST, Plaintiffs Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Hanks were lawfully ensconced within a dwelling located at 12091 Cardinal Drive, Walker, Louisiana 70785, a physical location which is within the Parish of Livingston, State of Louisiana.

3.     While Plaintiffs remained lawfully ensconced within the said premises, Defendants Deputy Kyle Hotard (hereinafter sometimes "Hotard") and Lieutenant Lance Landry (hereinafter

sometimes "Landry") did travel to the home for the alleged purpose of effecting the arrest of Mr. Jackson Landreth Creel, Jr. "for two outstanding Non Support Warrants."

4.      In truth, the warrants forming the alleged basis for Hotard and Landry to effect Mr. Creel's arrest were ineffective, null, void *ab initio*, and generally defective as relating to an outstanding balance for court costs which had been satisfied *prior* to these deputies' late night inquest.

5.      Hotard and Landry surrounded the home, and when they were unable to roust Mr. Creel from the home, they called for additional units to assist in this late-night effort to serve two (2) materially-defective court cost warrants.

6.      A fully-armed SWAT team, a K-9 unit, and at least four (4) squad cars all responded to the Hotard / Landry call for assistance.

7.      The responding deputies included Defendants Deputy Ryan Bernard (hereinafter sometimes "Bernard"), Deputy Brandon Brown (hereinafter sometimes "Brown"), Deputy Adam Holden (hereinafter sometimes "Holden"), Deputy Jeremy Patt (hereinafter sometimes "Patt"), and Captain Alden Thomasson (hereinafter sometimes "Thomasson").

8.      After Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson were all present and surrounding the home, Defendant Holden was sent to the adjacent home to speak with Mr. Jackson Landreth Creel, Jr.'s father.

9.      Mr. Creel's father explicitly advised Holden that there were no guns or other weapons present in his son's home, there was no imminent danger, and there was assuredly no need for the LPSO's massive, late-night show of force.

10.     Despite the senior Creel's assurances and despite the deputies' warrants being *per se* defective, Defendant Thomasson formulated a plan to use extraordinary measures in forcibly extricating Plaintiff Jackson Landreth Creel, Jr. from the premises.

11.     Defendants Thomasson and Landry gained access to the premises through the trim surrounding a window air conditioning unit, and Landry tossed in two (2) canisters of "Clear Out" tear gas product.

12.     Plaintiffs Paige Creel and James D. Hanks both immediately exited the home where they were arrested, thrown to the ground, forced to lie face-down, handcuffed, and ultimately placed into a decontamination area.

13.     Next, one of the Defendant deputies launched a "breaching tool" towards the home's

door, striking the door and opening it for Deputy Patt's canine, "K-9 Mack," to enter.

14.     Patt thereafter deployed his canine into the home, but Patt himself initially remained outside shouting commands through the doorway which had been battered open.

15.     The canine encountered Plaintiff McCoy Edward Creel, III, and, due to Patt's continued commands, the dog quite literally started viciously biting Mr. Creel about the legs.

16.     By the time Patt entered the home and gave the "release" command, "K-9 Mack" had shredded Mr. Creel's legs, causing physical injuries which required Mr. Creel's lengthy hospitalization and painful symptomology which presently persists.

17.     Plaintiff Jackson Landreth Creel, Jr. was taken from the home, brought outside, thrown to the ground, handcuffed, and placed into a decontamination area.

18.     Ultimately, Plaintiffs Paige Creel, James D. Hanks, and McCoy Edward Creel, III were all cited with violating La. R.S. 14:108, Resisting an Officer, issued misdemeanor citations, and released.

19.     Plaintiff Jackson Landreth Creel, Jr. was charged with violating La. R.S. 14:108, Resisting an Officer, La. R.S. 14:122, Public Intimidation, as well as the two (2) underlying (defective) warrants, and he was detained, arrested, transported to prison, and booked on these charges.

20.     These various charges against *all* of the party Plaintiffs were summarily and completely dismissed by the State of Louisiana by and through the Office of the District Attorney.

21.     At no time did any of the party Plaintiffs physically resist or assault Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and/or Thomasson, and the force used against Plaintiffs was unnecessary, excessive, and reprehensible.

22.     At no time during the events described above were the Plaintiffs intoxicated, incapacitated, a threat to the safety of themselves or others, or disorderly.

23.     None of the party Plaintiffs committed any criminal offense(s) worthy of arrest and abuse.

24.     More pointedly, none of the party Plaintiffs committed any criminal offense(s) whatsoever, and the actions of Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and/or Thomasson were wholly unprovoked, without basis or justification, and a gross and excessive abuse of these deputies' authority.

25.     In truth, the sole justification for Defendants Hotard and Landry making their late-night

visit to Plaintiffs' home—two (2) warrants relating to an outstanding balance for court costs—had been fully satisfied *prior* to these deputies' inquest.

26.    None of the Defendant deputies had a warrant for the arrest of any party Plaintiff.

27.    None of the Defendant deputies had probable cause to effect the arrest of any party Plaintiff.

28.    None of the Defendant deputies had legal cause or excuse to seize the person of any party Plaintiff.

29.    In short, the abuses committed by Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson have every compelling indicia of being undertaken and committed against Plaintiffs by and through intentionally malicious and objectively unreasonable acts of force which were "clearly excessive to the need" and which caused "a significant injury" under the standard enunciated in Johnson v. Morel, 876 F.2d 477 (5th Cir. 1989).

30.    At all times herein relevant, Plaintiffs Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Hanks were legal citizens and residents of the United States of America and competent adults of the full age of majority and consent, domiciled, living, and residing in the Parish of Livingston, State of Louisiana.

31.    Deputy Ryan Bernard, Deputy Brandon Brown, Deputy Adam Holden, Deputy Kyle Hotard, Lieutenant Lance Landry, Deputy Jeremy Patt, and Captain Alden Thomasson were, at all times herein relevant, each duly appointed and acting deputies of the Livingston Parish Sheriff's Office, acting under color of law, to wit, under color and authority of the statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and/or the Parish of Livingston.

32.    The actions of Defendants Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson were supported, authorized, approved, and/or otherwise generally ratified by their respective superior officers, particularly including Jason Gerald Ard, in his capacity as the elected Sheriff of Livingston Parish.

33.    Jason Gerald Ard, in his capacity as the elected Sheriff of Livingston Parish, is deemed the "employer" of members of the Livingston Parish Sheriff's Office, and, as such, the Sheriff should be the party held vicariously liable for torts committed by the Sheriff's officers / deputies, including those officers made party Defendant herein. See, *e.g.*, Nall v. Parish of Iberville, 542 So.2d 145, 149 (La.App. 1 Cir. 1989), citing La. R.S. 42:1441.3, *et seq.*

34.     At all times herein relevant, Defendants Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson were acting within the course and scope of their employment with the Livingston Parish Sheriff's Office.

35.     As a direct and proximate result of the said acts of Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson, the Plaintiffs, Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Hanks, suffered the following injuries and damages:

      A.     False arrest;

      B.     Malicious prosecution;

      C.     Loss of physical liberty;

      D.     Past, present and future medical, hospital, doctor, and related expenses;

      E.     Past, present and future physical pain and suffering;

      F.     Past, present and future mental anguish and anxiety;

      G.     Past, present and future lost wages and diminished earning capacity;

      H.     Past, present, and future emotional distress;

      I.     Past, present, and future loss of enjoyment of life;

      J.     Residual physical disability; and,

      K.     Such other damages which were caused by the aforesaid incident and which were sustained by the plaintiffs.

36.     Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson of the Livingston Parish Sheriff's Office committed an assault and battery upon Plaintiffs Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Hanks.

37.     Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson of the Livingston Parish Sheriff's Office illegally arrested and illegally abused / detained / imprisoned Plaintiffs Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Hanks.

38.     As a result of this false arrest and illegal abuse / detainment / imprisonment, Plaintiffs Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Hanks suffered damages as aforesaid.

39.     Defendants Deputy Ryan Bernard, Deputy Brandon Brown, Deputy Adam Holden, Deputy Kyle Hotard, Lieutenant Lance Landry, Deputy Jeremy Patt, Captain Alden Thomasson, and Jason Gerald Ard, in his capacity as the elected Sheriff of Livingston Parish failed to

exercise due care and failed to properly analyze the facts clearly known to them and, by doing so, they violated Plaintiffs' rights under Louisiana law, where Plaintiffs were wrongfully detained, illegally arrested, falsely imprisoned, and Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson engaged in an intentional abuse of legal process, made, done, and effected without justification and for no proper purpose.

40.   The actions of Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson (whether independently or in concert with one another) resulted in Plaintiffs being falsely arrested: "To establish a false arrest claim, the plaintiff must prove that the arrest was unlawful and that the unlawful arrest resulted in injury."  Saucier v. Players Lake Charles, L.L.C., 99-1196 (La.App. 3 Cir. 12/22/99), 751 So.2d 312, 316.

41.   The actions of Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson (whether independently or in concert with one another) resulted in Plaintiffs being falsely imprisoned: "False imprisonment is the unlawful and total restraint of the liberty of the person."  Crossett v. Campbell, 122 La. 659, 48 So. 141 (1908), cited as "the leading case" by Stone - Louisiana Civil Law Treatise, Vol. 12, La. Tort Doctrine, Sec. 203, at p. 267 (1977).

42.   Plaintiffs specifically allege the actions and conduct of Defendant deputies Bernard, Brown, Holden, Hotard, Landry, Patt, and Thomasson (whether independently or in concert with one another) relative to the conduct made subject of this Petition for Damages arose to the level of intentional infliction of emotional distress under Louisiana law, where the said conduct was extreme and outrageous, it caused Plaintiffs severe emotional distress, and it was done with a specific intent to cause severe emotional distress.  See, e.g., White v. Monsanto Co., 585 So.2d 1205, 1209 (La. 1991).

43.   As a direct and proximate consequence of the outrageous and unconscionable acts and omissions on the part of the Defendants as described above, the Defendant deputies intentionally inflicted emotional distress upon the Plaintiffs.

44.   Thus, the Plaintiffs are entitled to a monetary judgment against the Defendants, both jointly and severally.

45.   Plaintiffs are entitled to and do hereby seek an award of all such other various and sundry relief to which they may be entitled in these premises.

46.   Plaintiffs aver they have raised claims which, *inter alia*, subtend allegations of wrongful detention, illegal arrest, false imprisonment, assault, and battery.

47.   Plaintiffs would respectfully show that the one (1) year prescriptive period for a claim of false imprisonment runs from the date of release from detention unless interrupted or suspended. <u>Restrepo v. Fortunato</u>, 556 So.2d 1362, 1363 (La. App. 5th Cir. 1990).

48.   Where the actions of the Defendants coalesced to caused the Plaintiffs to be detained, arrested, and abused late in the evening of August 6, 2013, the present lawsuit, filed within one (1) year of that date, is *per se* timely for all material purposes.

49.   Plaintiffs show that to the extent discovery conducted with reference to the present proceeding reveals liability upon one (1) or more individuals acting under color of state law or otherwise subject to the provisions of 42 U.S.C. 1983, Plaintiffs specifically reserve the right to amend the present Petition for Damages for the purpose of setting forth and establishing the said claim(s).

**WHEREFORE**, Plaintiffs **Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel,** and **James D. Hanks** pray that the Defendants be served with this petition, and after being duly cited to appear and answer same and the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiffd, and against Defendants, **Jason Gerald Ard**, in his capacity as the elected Sheriff of Livingston Parish, **Deputy Ryan Bernard, Deputy Brandon Brown, Deputy Adam Holden, Deputy Kyle Hotard, Lieutenant Lance Landry, Deputy Jeremy Patt,** and **Captain Alden Thomasson,** jointly and in solido, for such damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, all costs of these proceedings, all appropriate attorney fees, and all such other equitable and just relief to which Plaintiffs may be entitled in these premises.

Respectfully Submitted,

J. CHRISTOPHER ALEXANDER, SR., ESQ., LLC
Attorney and Counselor at Law

/s/

J. Christopher Alexander, Sr., Esq.
Louisiana Bar Roll No.: 26,591
3751 Government Street, Suite "A"
Baton Rouge, Louisiana 70806
225-761-9456 (telephone)
225-761-7899 (facsimile)
chris@jcalaw.us
Co-Counsel for Plaintiffs

SPRING & SPRING, LLC
Attorneys at Law

S. Stephen Spring, II, Esq.
Louisiana Bar Roll Number: 12347
733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806
225.932.9671 (telephone)
413.451.8923 (facsimile)
springlaw@gmail.com
Co-Counsel for Plaintiffs

SERVICE INSTRUCTIONS ON NEXT PAGE:

**PLEASE SERVE:**

1.  **Jason Gerald Ard**
    *Through His Place of Employment:*
    Livingston Parish Sheriff's Office
    20180 Iowa Street
    Livingston, Louisiana 70754

2.  **Deputy Ryan Bernard**
    *Through His Place of Employment:*
    Livingston Parish Sheriff's Office
    20180 Iowa Street
    Livingston, Louisiana 70754

3.  **Deputy Brandon Brown**
    *Through His Place of Employment:*
    Livingston Parish Sheriff's Office
    20180 Iowa Street
    Livingston, Louisiana 70754

4.  **Deputy Adam Holden**
    *Through His Place of Employment:*
    Livingston Parish Sheriff's Office
    20180 Iowa Street
    Livingston, Louisiana 70754

5.  **Deputy Kyle Hotard**
    *Through His Place of Employment:*
    Livingston Parish Sheriff's Office
    20180 Iowa Street
    Livingston, Louisiana 70754

6.  **Lieutenant Lance Landry**
    *Through His Place of Employment:*
    Livingston Parish Sheriff's Office
    20180 Iowa Street
    Livingston, Louisiana 70754

7.  **Deputy Jeremy Patt**
    *Through His Place of Employment:*
    Livingston Parish Sheriff's Office
    20180 Iowa Street
    Livingston, Louisiana 70754

8.  **Captain Alden Thomasson**
    *Through His Place of Employment:*
    Livingston Parish Sheriff's Office
    20180 Iowa Street
    Livingston, Louisiana 70754

*CITATION*
**PETITION FOR DAMAGES**

| | | |
|---|---|---|
| *CREEL, JACKSON LANDRETH JR - ET AL* |  | *Case: 000000145983* |
| *Vs.* | | *Division: B* |
| | | *21st Judicial District Court* |
| *ARD, JASON GERALD SHERIFF - ET AL* | | *Parish of Livingston* |
| | | *State of Louisiana* |

*To:* JASON GERALD ARD THROUGH HIS PLACE OF EMPLOYMENT:
    LIVINGSTON PARISH SHERIFF'S OFFICE
    20180 IOWA STREET
    LIVINGSTON LA 70754,                *of Livingston Parish*

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

*WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON AUGUST 12, 2014.*

*Clerk of Court*
*21st Judicial District*
*Parish of Livingston*

*T. ROBINS*_____
**Deputy Clerk of Court**

*Attorney*
J. CHRISTOPHER ALEXANDER
3751 GOVERNMENT ST, STE A
BATON ROUGE LA 70806

### *Service Information*

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:*

**Personal Service** *on the party herein named* _____.
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE:* _____

_____

*Returned:*
*Parish of* _____ *this* _____ *day of* _____, 20_____.

| | | |
|---|---|---|
| *Service* | $_____ | |
| *Mileage* | $_____ | *By:* _____ |
| | | *Deputy Sheriff* |
| *Total* | $_____ | |

[ ORIGINAL ]

*CITATION*
**PETITION FOR DAMAGES**

*CREEL, JACKSON LANDRETH JR - ET AL*

*Vs.*

*ARD, JASON GERALD SHERIFF - ET AL*



*Case: 000000145983*
*Division: B*
*21ˢᵗ Judicial District Court*
*Parish of Livingston*
*State of Louisiana*

*To:* DEPUTY RYAN BERNARD THROUGH HIS PLACE OF EMPLOYMENT
LIVINGSTON PARISH SHERIFF'S OFFICE
20180 IOWA STREET
LIVINGSTON LA 70754,                              *of Livingston Parish*

 *YOU ARE HEREBY SUMMONED to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21ˢᵗ Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

 *WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON AUGUST 12, 2014.*

                                        *Clerk of Court*
                                        *21ˢᵗ Judicial District*
                                        *Parish of Livingston*

                                        *T. ROBINS*_____
                                        *Deputy Clerk of Court*

*Attorney*
J. CHRISTOPHER ALEXANDER
3751 GOVERNMENT ST, STE A
BATON ROUGE LA 70806

---

**_Service Information_**

*Received on the* _____ *day of* _____, 20_____ *and on the* _____ *day of*

_____, 20_____ *served the above named party as follows:*

*Personal Service on the party herein named* _____.
*Domiciliary Service on the party herein named by leaving the same at his/her domicile in the parish in the hands of* _____, *a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE:* _____

_____

*Returned:*
*Parish of* _____ *this* _____ *day of* _____, 20_____.

*Service*     $_____

*Mileage*     $_____                *By:* _____
                                        *Deputy Sheriff*

*Total*       $_____

[ ORIGINAL ]

*CITATION*
**PETITION FOR DAMAGES**

| | | |
|---|---|---|
| *CREEL, JACKSON LANDRETH JR - ET AL* |  | Case: *000000145983* |
| *Vs.* | | Division: B |
| | | *21ˢᵗ Judicial District Court* |
| *ARD, JASON GERALD SHERIFF - ET AL* | | *Parish of Livingston* |
| | | *State of Louisiana* |

*To:* DEPUTY BRANDON  BROWN THROUGH HIS PLACE OF EMPLOYMENT
LIVINGSTON PARISH SHERIFF'S OFFICE
20180 IOWA STREET
LIVINGSTON LA 70754,                                    *of  Livingston Parish*

    *YOU ARE HEREBY SUMMONED to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21ˢᵗ Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

    *WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON AUGUST 12, 2014.*

                    *Clerk of Court*
                    *21ˢᵗ Judicial District*
                    *Parish of Livingston*

                    *T. ROBINS*_____
                    **Deputy Clerk of Court**

*Attorney*
J. CHRISTOPHER ALEXANDER
3751 GOVERNMENT ST, STE A
BATON ROUGE LA 70806

<u>*Service Information*</u>

*Received on the* _____ *day of* _____, 20_____ *and on the* _____ *day of*

_____, 20____ *served the above named party as follows:*

**Personal Service** *on the party herein named* _____.
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of* _____, *a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE:*_____

_____

*Returned:*
*Parish of* _____ *this* _____ *day of* _____, 20_____.

*Service*    $_____

*Mileage*    $_____        *By:* _____
                    *Deputy Sheriff*

*Total*      $_____

[ ORIGINAL ]

*CITATION*
PETITION FOR DAMAGES

| | | |
|---|---|---|
| *CREEL, JACKSON LANDRETH JR - ET AL* |  | *Case: 000000145983* |
| | | *Division: B* |
| *Vs.* | | *21ʳᵗ Judicial District Court* |
| | | *Parish of Livingston* |
| *ARD, JASON GERALD SHERIFF - ET AL* | | *State of Louisiana* |

*To:* DEPUTY ADAM HOLDEN THROUGH HIS PLACE OF EMPLOYMENT:
LIVINGSTON PARISH SHERIFF'S OFFICE
20180 IOWA STREET
LIVINGSTON LA 70754, *of Livingston Parish*

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21ˢᵗ Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

*WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON AUGUST 12, 2014.*

*Clerk of Court*
*21ˢᵗ Judicial District*
*Parish of Livingston*

*T. ROBINS*_____
*Deputy Clerk of Court*

*Attorney*
J. CHRISTOPHER ALEXANDER
3751 GOVERNMENT ST, STE A
BATON ROUGE LA 70806

---

## *Service Information*

*Received on the _____ day of _____, 20_____ and on the _____ day of*

*_____, 20_____ served the above named party as follows:*

*Personal Service on the party herein named* _____.

*Domiciliary Service on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE:*_____

_____

*Returned:*
*Parish of* _____ *this* _____ *day of* _____, 20_____.

*Service* $_____

*Mileage* $_____ *By:* _____
*Deputy Sheriff*

*Total* $_____

[ ORIGINAL ]

*CITATION*
**PETITION FOR DAMAGES**

*CREEL, JACKSON LANDRETH JR - ET AL*

*Vs.*

*ARD, JASON GERALD SHERIFF - ET AL*



*Case: 000000145983*
*Division: B*
*21ˢᵗ Judicial District Court*
*Parish of Livingston*
*State of Louisiana*

*To:* DEPUTY KYLE HOTARD THROUGH HIS PLACE OF EMPLOYMENT
LIVINGSTON PARISH SHERIFF'S OFFICE
20180 IOWA STREET
LIVINGSTON LA 70754,                    *of Livingston Parish*

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21ˢᵗ Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

*WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON AUGUST 12, 2014.*

*Clerk of Court*
*21ˢᵗ Judicial District*
*Parish of Livingston*

*T. ROBINS*_____
*Deputy Clerk of Court*

*Attorney*
J. CHRISTOPHER ALEXANDER
3751 GOVERNMENT ST, STE A
BATON ROUGE LA 70806

*Service Information*

*Received on the_____ day of _____, 20_____ and on the _____ day of*

*_____, 20_____ served the above named party as follows:*

**Personal Service** *on the party herein named _____.*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE:_____*

_____

*Returned:*
*Parish of_____ this _____ day of _____, 20_____.*

*Service      $_____*

*Mileage      $_____*                       *By: _____*
                                                 *Deputy Sheriff*

*Total        $_____*

[ ORIGINAL ]

*CITATION*
**PETITION FOR DAMAGES**

| | | |
|---|---|---|
| *CREEL, JACKSON LANDRETH JR - ET AL* |  | Case: *000000145983* |
| *Vs.* | | *Division: B*<br>*21ˢᵗ Judicial District Court* |
| *ARD, JASON GERALD SHERIFF - ET AL* | | *Parish of Livingston*<br>*State of Louisiana* |

To: LIEUTENANT LANCE LANDRY THROUGH HIS PLACE OF EMPLOYMENT
     LIVINGSTON PARISH SHERIFF'S OFFICE
     20180 IOWA STREET
     LIVINGSTON LA 70754,          *of Livingston Parish*

    *YOU ARE HEREBY SUMMONED to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21ˢᵗ Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

    *WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON AUGUST 12, 2014.*

                             *Clerk of Court*
                             *21ˢᵗ Judicial District*
                             *Parish of Livingston*

                             *T. ROBINS*_____
                             **Deputy Clerk of Court**

*Attorney*
J. CHRISTOPHER ALEXANDER
3751 GOVERNMENT ST, STE A
BATON ROUGE LA 70806

<u>*Service Information*</u>

*Received on the* _____ *day of* _____, *20_____ and on the* _____ *day of* _____, *20_____ served the above named party as follows:*

***Personal Service*** *on the party herein named* _____.
***Domiciliary Service*** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of* _____, *a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE:* _____

_____

*Returned:*
*Parish of* _____ *this* _____ *day of* _____, *20_____.*

| | | |
|---|---|---|
| *Service* | $_____ | |
| | | *By:* _____ |
| *Mileage* | $_____ | *Deputy Sheriff* |
| *Total* | $_____ | |

[ ORIGINAL ]

*CITATION*
**PETITION FOR DAMAGES**

| | | |
|---|---|---|
| *CREEL, JACKSON LANDRETH JR - ET AL* | | *Case: 000000145983* |
| | | *Division: B* |
| *Vs.* |  | *21ˢᵗ Judicial District Court* |
| | | *Parish of Livingston* |
| *ARD, JASON GERALD SHERIFF - ET AL* | | *State of Louisiana* |

*To:* DEPUTY JEREMY  PATT THROUGH HIS PLACE OF EMPLOYMENT
LIVINGSTON PARISH SHERIFF'S OFFICE
20180 IOWA STREET
LIVINGSTON LA 70754,                             *of Livingston Parish*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21ˢᵗ Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON AUGUST 12, 2014.**

*Clerk of Court*
*21ˢᵗ Judicial District*
*Parish of Livingston*

**T. ROBINS**_____
*Deputy Clerk of Court*

*Attorney*
J. CHRISTOPHER ALEXANDER
3751 GOVERNMENT ST, STE A
BATON ROUGE LA 70806

<u>*Service Information*</u>

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:*

**Personal Service** *on the party herein named* _____.
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE:*_____

_____

*Returned:*
*Parish of* _____ *this* _____ *day of* _____, 20_____.

*Service*      $_____

*Mileage*     $_____                    *By:* _____
                                            *Deputy Sheriff*

*Total*         $_____

[ ORIGINAL ]

*CITATION*
**PETITION FOR DAMAGES**

CREEL, JACKSON LANDRETH JR - ET AL

Vs.

ARD, JASON GERALD SHERIFF - ET AL



Case: 000000145983
Division: B
21st Judicial District Court
Parish of Livingston
State of Louisiana

To: CAPTAIN ALDEN THOMASSON THROUGH HIS PLACE OF EMPLOYMENT
LIVINGSTON PARISH SHERIFF'S OFFICE
20180 IOWA STREET
LIVINGSTON LA 70754,                  of Livingston Parish

YOU ARE HEREBY SUMMONED to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.

WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON AUGUST 12, 2014.

Clerk of Court
21st Judicial District
Parish of Livingston

T. ROBINS_____
*Deputy Clerk of Court*

Attorney
J. CHRISTOPHER ALEXANDER
3751 GOVERNMENT ST, STE A
BATON ROUGE LA 70806

<u>*Service Information*</u>

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

DUE & DILIGENT UNABLE TO SERVE BECAUSE:_____

_____

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service      $_____

Mileage      $_____          By: _____
                                   *Deputy Sheriff*

Total        $_____

[ ORIGINAL ]

Case Number: 000000145983  33 of 39



*CITATION*
**PETITION FOR DAMAGES**

*CREEL, JACKSON LANDRETH JR - ET AL*

*Vs.*

*ARD, JASON GERALD SHERIFF - ET AL*

Case: 000000145983
Division: B
21ˢᵗ Judicial District Court
Parish of Livingston
State of Louisiana

RECEIVED
AUG 13 2014
Livingston Parish
Sheriff Office

*To:* DEPUTY ADAM HOLDEN THROUGH HIS PLACE OF EMPLOYMENT:
LIVINGSTON PARISH SHERIFF'S OFFICE
20180 IOWA STREET
LIVINGSTON LA 70754,                    *of Livingston Parish*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21ˢᵗ Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON AUGUST 12, 2014.**

Clerk of Court
21ˢᵗ Judicial District
Parish of Livingston

**T. ROBINS**
*Deputy Clerk of Court*

Attorney
J. CHRISTOPHER ALEXANDER
3751 GOVERNMENT ST, STE A
BATON ROUGE LA 70806

<u>**Service Information**</u>

Received on the 13 day of *Aug*, 20 14 and on the _____ day of _____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

DUE & DILIGENT UNABLE TO SERVE BECAUSE: *N/o longe works @ LPSO*
_____

Returned:
Parish of _____ this _____ day of _____, 20____.

Service      $_____

Mileage     $_____          By: *Jeanette Wilson*
                                          *Deputy Sheriff*
Total        $_____

[ ORIGINAL ]

*CITATION*
**PETITION FOR DAMAGES**

20.00

CREEL, JACKSON LANDRETH JR - ET AL

Vs.

ARD, JASON GERALD SHERIFF - ET AL



Case: 000000145983
Division: B
21st Judicial District Court
Parish of Livingston
State of Louisiana

RECEIVED
AUG 1 3 2014
Livingston Parish
Sheriff Office

*To:* JASON GERALD ARD THROUGH HIS PLACE OF EMPLOYMENT:
LIVINGSTON PARISH SHERIFF'S OFFICE
20180 IOWA STREET
LIVINGSTON LA 70754,           *of Livingston Parish*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON AUGUST 12, 2014.**

Clerk of Court
21st Judicial District
Parish of Livingston

*T. ROBINS*
*Deputy Clerk of Court*

*Attorney*
J. CHRISTOPHER ALEXANDER
3751 GOVERNMENT ST, STE A
BATON ROUGE LA 70806

---

**Service Information**

Received on the _13_ day of _Aug_ , 20_14_ and on the _13_ day of _Aug_ , 20 _14_ served the above named party as follows:

**Personal Service** on the party herein named ___Klacy Howze___

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____

_____

**Returned:**
Parish of _____ this _____ day of _____ , 20 ___.

Service          $ _____

Mileage          $ _____          By: _____
                                         *Deputy Sheriff*

Total            $ _____

[ ORIGINAL ]

*RH*

$20.00

## CITATION
### PETITION FOR DAMAGES

CREEL, JACKSON LANDRETH JR - ET AL

Vs.

ARD, JASON GERALD SHERIFF - ET AL



Case: 000000145983
Division: B
21st Judicial District Court
Parish of Livingston
State of Louisiana



RECEIVED
AUG 13 2014
Livingston Parish
Sheriff Office

*To:* DEPUTY JEREMY PATT THROUGH HIS PLACE OF EMPLOYMENT
LIVINGSTON PARISH SHERIFF'S OFFICE
20180 IOWA STREET
LIVINGSTON LA 70754,                        *of Livingston Parish*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON AUGUST 12, 2014.**

SHERIFFS RETURN

___ Served ___ Personal ___ Domicilary ___
___ Comments _____

Date 8/14/2014 Deputy _____ 201
Livingston Parish

Clerk of Court
21st Judicial District
Parish of Livingston

**T. ROBINS** _____
*Deputy Clerk of Court*

*Attorney*
J. CHRISTOPHER ALEXANDER
3751 GOVERNMENT ST, STE A
BATON ROUGE LA 70806

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of

_____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

*DUE & DILIGENT UNABLE TO SERVE BECAUSE:* _____

_____

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service      $ _____

Mileage      $ _____          By: _____
                                     *Deputy Sheriff*
Total        $ _____

[ ORIGINAL ]



### CITATION
### PETITION FOR DAMAGES

20.00  B

CREEL, JACKSON LANDRETH JR - ET AL

Vs.

ARD, JASON GERALD SHERIFF - ET AL

Case: 000000145983
Division: B
21st Judicial District Court
Parish of Livingston
State of Louisiana



RECEIVED
AUG 13 2014
Livingston Parish
Sheriff Office

To: DEPUTY RYAN BERNARD THROUGH HIS PLACE OF EMPLOYMENT
   LIVINGSTON PARISH SHERIFF'S OFFICE
   20180 IOWA STREET
   LIVINGSTON LA 70754,          of Livingston Parish

**YOU ARE HEREBY SUMMONED** to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON AUGUST 12, 2014.**

Clerk of Court
21st Judicial District
Parish of Livingston

**T. ROBINS**_____
Deputy Clerk of Court

Attorney
J. CHRISTOPHER ALEXANDER
3751 GOVERNMENT ST, STE A
BATON ROUGE LA 70806

#### Service Information

Received on the _14_ day of _August_, 20_14_ and on the _14_ day of _____ August _14_, 20_14_ served the above named party as follows:

~~Personal Service~~ on the party herein named _____ Bernard _____.
~~Domiciliary Service~~ on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

DUE & DILIGENT UNABLE TO SERVE BECAUSE: _____

_____

Returned:
Parish of _____ this _____ day of _____, 20___.

Service     $_____

Mileage    $_____          By: _____ 834
                                Deputy Sheriff

Total       $_____

[ ORIGINAL ]



*CITATION*
**PETITION FOR DAMAGES**

*CREEL, JACKSON LANDRETH JR - ET AL*

*Vs.*

*ARD, JASON GERALD SHERIFF - ET AL*



*Case: 000000145983*
*Division: B*
*21ˢᵗ Judicial District Court*
*Parish of Livingston*
*State of Louisiana*

**RECEIVED**
AUG 13 2014
Livingston Parish
Sheriff Office

*To:* DEPUTY BRANDON  BROWN THROUGH HIS PLACE OF EMPLOYMENT
LIVINGSTON PARISH SHERIFF'S OFFICE
20180 IOWA STREET
LIVINGSTON LA 70754,                          *of Livingston Parish*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21ˢᵗ Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON AUGUST 12, 2014.**

Clerk of Court
*21ˢᵗ Judicial District*
*Parish of Livingston*

**T. ROBINS**_____
*Deputy Clerk of Court*

*Attorney*
J. CHRISTOPHER ALEXANDER
3751 GOVERNMENT ST, STE A
BATON ROUGE LA 70806

_____

*Service Information*

Received on the __14__ day of __August__, 20_14_ and on the __10__ day of

__August__, 20_14_ served the above named party as follows:

~~Personal~~ Service on the party herein named _____Brown_____
Domiciliary Service on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

DUE & DILIGENT UNABLE TO SERVE BECAUSE:_____

_____

Returned:
Parish of _____ this _____ day of _____, 20___.

Service      $_____

Mileage      $_____          By: _____
                                  *Deputy Sheriff*

Total        $_____

[ ORIGINAL ]

Case Number: 000000145983   36 of 39

## CITATION
## PETITION FOR DAMAGES

20.00

*CREEL, JACKSON LANDRETH JR - ET AL*

*Vs.*

*ARD, JASON GERALD SHERIFF - ET AL*



Case: 000000145983
Division: B
21st Judicial District Court
Parish of Livingston
State of Louisiana

RECEIVED
AUG 13 2014
Livingston Parish
Sheriff Office

*To:* DEPUTY KYLE HOTARD  THROUGH HIS PLACE OF EMPLOYMENT
LIVINGSTON PARISH SHERIFF'S OFFICE
20180 IOWA STREET
LIVINGSTON LA 70754,                      *of  Livingston Parish*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON AUGUST 12, 2014.**

Clerk of Court
21st Judicial District
Parish of Livingston

**T. ROBINS**_____
Deputy Clerk of Court

*Attorney*
J. CHRISTOPHER ALEXANDER
3751 GOVERNMENT ST, STE A
BATON ROUGE LA 70806

### Service Information

Received on the ___14__ day of _____August_____, 20 _14_ and on the ___14__ day of _____August_____, 20 _14_ served the above named party as follows:

~~Personal~~ Service on the party herein named _____Hotard_____

Domiciliary Service on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

DUE & DILIGENT UNABLE TO SERVE BECAUSE:_____

_____

Returned:
Parish of _____ this ____ day of _____, 20____.

Service      $_____

Mileage     $_____                    By: _____
                                              Deputy Sheriff
Total        $_____

[ ORIGINAL ]

*CITATION*
PETITION FOR DAMAGES

20.00 ob

CREEL, JACKSON LANDRETH JR - ET AL

Vs.

ARD, JASON GERALD SHERIFF - ET AL



Case: 000000145983
Division: B
21ˢᵗ Judicial District Court
Parish of Livingston
State of Louisiana

RECEIVED
AUG 1 3 2014
Livingston Parish
Sheriff Office

*To:* LIEUTENANT LANCE LANDRY THROUGH HIS PLACE OF EMPLOYMENT
LIVINGSTON PARISH SHERIFF'S OFFICE
20180 IOWA STREET
LIVINGSTON LA 70754,                    *of Livingston Parish*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21ˢᵗ Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON AUGUST 12, 2014.**

Clerk of Court
21ˢᵗ Judicial District
Parish of Livingston

**T. ROBINS** _____
*Deputy Clerk of Court*

*Attorney*
J. CHRISTOPHER ALEXANDER
3751 GOVERNMENT ST, STE A
BATON ROUGE LA 70806

*Service Information*

*Received on the* _14_ *day of* _August_ , 20 _14_ *and on the* _14_ *day of*
_August_ , 20 _14_ *served the above named party as follows:*

~~Personal Service~~ *on the party herein named* _Landry_
~~Domiciliary Service~~ *on the party herein named by leaving the same at his/her domicile in the parish in the hands of* _____ , *a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE:* _____

_____

*Returned:*
*Parish of* _____ *this* _____ *day of* _____ , 20 ____.

*Service*     $ _____

*Mileage*    $ _____            *By:* _____

*Total*        $ _____            *Deputy Sheriff*

[ ORIGINAL ]