UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JACKSON LANDRETH CREEL, JR.,
ET AL.                                    CIVIL ACTION

VERSUS                                    NUMBER 14-551-SDD-SCR

JASON GERALD ARD, ET AL.


**<u>NOTICE</u>**

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

 In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Baton Rouge, Louisiana, February 2, 2015.

            */s/ Stephen C. Riedlinger*
            STEPHEN C. RIEDLINGER
            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JACKSON LANDRETH CREEL, JR.,
ET AL.                                    CIVIL ACTION

VERSUS                                    NUMBER 14-551-SDD-SCR

JASON GERALD ARD, ET AL.

## **MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiffs Jackson Landreth Creel, Jr., McCoy Edward Creel, III, Paige Creel, and James D. Hanks. Record document number 3. The motion is opposed.[1]

Careful review of the allegations in the plaintiffs' Petition for Damages (hereafter "Petition") and the applicable law supports the conclusion that the removing defendants failed to satisfy their burden of establishing federal question jurisdiction. Therefore, the Plaintiffs' Motion to Remand should be granted in part.

### **Background**

Plaintiffs filed their Petition in state court against defendants Livingston Parish Sheriff Jason Ard, Capt. Alden Thomasson, Lt. Lance Landry, Dy. Ryan Bernard, Dy. Brandon Brown, Dy. Adam Holden, Dy. Kyle Hotard and Dy. Jeremy Patt seeking damages under Louisiana state law based on alleged acts

---

[1] Record document number 4.

constituting wrongful detention, illegal arrest, false imprisonment, assault and battery, and intentional infliction of emotional distress.[2] Plaintiffs alleged that while lawfully inside a residence on August 6, 2013, the defendants attempted to execute an arrest warrant for Jackson Creel. Plaintiffs alleged that the defendants used "extraordinary measures in forcibly extricating" Jackson Creel from the premises. Plaintiffs alleged that Paige Creel, James Hanks, and McCoy Edward Creel were also forced to leave the residence, subjected to an extreme use of force, issued a misdemeanor citation for resisting an officer under LSA-R.S. 14:108, and subsequently released. Plaintiffs alleged that Jackson Creel was detained, arrested, taken to prison and charged with resisting an officer and public intimidation. Plaintiffs alleged that defendant Sheriff Ard was the defendants' employer and is vicariously liable for their actions.

In the Notice of Removal the defendants alleged that the court has subject matter jurisdiction based on federal question jurisdiction under 28 U.S.C. § 1331.[3] Defendants asserted that the plaintiffs alleged a claim under 42 U.S.C. § 1983 in the Petition. To support their removal, the defendants specifically noted that

---

[2] Record document number 1-2, pp. 5-13.

[3] Record document number 1. Defendant Dy. Holden did not join in the removal or consent to it. According to the Notice of Removal, he had not been served with the Petition. There is no indication in the record that has been served.

2

the plaintiffs alleged that all defendants were "acting under the color of law" and that each defendant was "acting under the color and authority of the statutes, ordinances, regulations, policies, customs, usages, and laws of the State of Louisiana and/or Parish of Livingston[]."[4] Defendants asserted that the plaintiffs alleged an excessive use of force claim, specifically relying on standards set forth under federal case law.[5] Defendants also argued that the plaintiffs' request for attorney's fees further demonstrates the federal-law basis for their claims since this type of damage is not available under state law.

Plaintiffs moved to remand arguing that the defendants cannot establish federal question jurisdiction. Plaintiffs argued they did not allege any violation of any federal laws or constitutional rights. Plaintiffs argued that their decision not to include a claim under federal law is further demonstrated in their Petition by alleging that they "specifically reserve the right to amend the present Petition for Damages for the purpose of setting forth and establishing the said claim(s) [arising under 42 U.S.C. § 1983]."[6]

Plaintiffs also provided case law to establish that their general request for attorney's fees is insufficient to establish federal question jurisdiction. In the alternative, the plaintiffs

---

[4] Record document number 1-1, Petition for Damages, ¶ 31.

[5] *Id.* at 29.

[6] *Id.* at ¶ 49.

expressly renounced any claims under federal law. Plaintiffs sought an award of costs and attorney's fees incurred in conjunction with their motion to remand.

**Applicable Law**

**Removal**

The party invoking removal jurisdiction bears the burden of establishing federal jurisdiction over the state court suit. *Frank v. Bear Stearns & Company,* 128 F.3d 919, 921-22 (5th Cir. 1997). To support removal the defendant must locate the basis of federal jurisdiction in the allegations necessary to support the plaintiff's claims, ignoring the defendant's own pleadings and notice of removal. *Gully v. First National Bank,* 299 U.S. 109, 111, 57 S.Ct. 96, 97 (1936).

Absent jurisdiction under the diversity statute, removal is appropriate only for those claims within the district court's federal question jurisdiction. 28 U.S.C. § 1331. It is well established that the "arising under" language of § 1331 has a narrower meaning than the corresponding language in Article III of the Constitution which defines the limits of the judicial power of the United States. Under the well-pleaded complaint rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint. Generally, there is no federal jurisdiction if the plaintiff properly pleads only state law causes of action, and

the fact that federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008); *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001).

To support removal, the defendant must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiffs' claims, ignoring the defendant's own pleadings and notice of removal. A defendant must show that a federal right is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank*, 299 U.S. 109, 111, 57 S.Ct. 96, 97 (1936). Under *Gully* and *Franchise Tax Board*, a complaint creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001).

It is well established that the plaintiff is the master of his complaint. *Healy v. Sea Gull Speciality Company*, 237 U.S. 479, 480, 35 S.Ct. 658, 659 (1915). A plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but also taking the risk that his federal

claims will one day be precluded. *Carpenter v. Wichita Falls Ind. School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995), *citing*, *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, 106 S.Ct. 3229, 3233, n. 6 (1986).

**Costs and Attorney's Fees**

Plaintiff also moved for an award of costs and attorney's fees under 28 U.S.C. § 1447(c). There is no automatic entitlement to an award of costs and attorney fees under § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

**Analysis**

Defendants failed to demonstrate that the plaintiffs alleged a claim arising under § 1983 or any other federal law. Plaintiffs affirmatively alleged only claims under Louisiana state law and specifically withheld from asserting a claim under the United States Constitution or § 1983. Thus, the plaintiffs have unequivocally elected to proceed with their state law causes of action, while reserving their rights to bring a federal claim should discovery support doing so.

Plaintiffs' factual allegations do not automatically invoke federal laws when state law concurrently protects their rights.[7] Defendants may not remove an action based on the existence of a

---

[7] *In re Alberta Inc.*, 14-1910, 14-1911, 14-1912, 14-1913, 2014 WL 5782820, 5 (E.D.La. November 6, 2014).

7

federal claim that has not been asserted by the plaintiffs.[8]

Although the plaintiffs' Petition includes one reference to a federal case,[9] this single allegations at best creates an ambiguity as to whether they are asserting a claim based on violation of a federal law.  Similarly, the plaintiffs' request for attorneys' fees, when they are not be available under state law, does not establish that the plaintiffs are asserting a federal claim.  When the state law does not provide for recovery of attorney's fees, that aspect of the plaintiff Petition will simply fail.  The removal statute is strictly construed, and doubts about removal are resolved in favor of remand.[10]  Thus, these two allegations are insufficient to establish a claim arising under federal law.

With respect to an award of costs and attorney's fees, the record does not support finding that an award is warranted under § 1447(c).  Plaintiffs' reference to a federal case and the standards stated therein to support their claims created ambiguity, and therefore the defendants' arguments in favor of removal were objectively reasonable, even though ultimately unpersuasive following the plaintiffs' disavowal of a federal claim.

---

[8] *Brumfield v. City of Baker*, 11-507, 2011 WL 5178267, 2 (M.D.La. Sept. 30, 2011)

[9] Record document number 1-1, ¶ 29.

[10] *Lorenz v. Texas Workforce Commission*, 2006 WL 3102581 (5th Cir. 2006) *citing, Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## Conclusion

Defendants have the burden of establishing subject matter jurisdiction. The Petition for Damages only alleges claims under state law. Thus, the defendants failed to establish that the court has federal question jurisdiction under 28 U.S.C. § 1331.

Because the defendants' removal was objectively reasonable, an award of expenses under § 1447(c) is not warranted.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiffs' Motion to Remand be granted, in part, insofar as they sought to have this case remanded to the state court. Plaintiffs' motion should be denied insofar as the plaintiffs sought an award of costs and attorney's fees under § 1447(c).

Baton Rouge, Louisiana, February 2, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE